UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIKA AMBER-MARIE DESIRE,  :  <br>     Plaintiff,  : <br>                        : <br>     v.  : <br>                        : <br> GUADARRAMA, et al.,  : <br>     Defendants.  : <br>                        : | No. 3:24-cv-1062 (VAB) |

**INITIAL REVIEW ORDER**

    Erika Amber-Marie Desire ("Plaintiff"), a sentenced inmate, has filed a *pro se* Complaint under 42 U.S.C. § 1983, and has named three Defendants: Warden Guadarrama, Counselor Supervisor Dow, and Counselor Siena. Ms. Desire alleges that that the Defendants violated her First Amendment rights by tampering with her legal mail. She seeks damages from the defendants in their individual capacities.

    The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

    The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

    Based on this initial review, the Complaint is **DISMISSED** without prejudice. If Ms. Desire can allege facts to correct the deficiency identified in this Order, she may file an

Amended Complaint by **September 6, 2024**.

I. BACKGROUND[1]

On January 24, 2024, Counselor Siena allegedly began reading Ms. Desire's legal mail and confiscated her rap sheet, stating that she could not have it. ECF No. 1 ¶ 1. The following day, Counselor Siena allegedly stated that her supervisor, Counselor Supervisor Dow, also had read Ms. Desire's legal documents. *Id.* ¶ 2. Counselor Supervisor Dow allegedly stated that Ms. Desire was not permitted to have her rap sheet and that no documents would be returned to her until Warden Guadarrama had reviewed them and made a decision. *Id.* ¶ 2.

Ms. Desire allegedly spoke to Warden Guadarrama about the confiscation of her legal mail, when he toured the housing unit on January 29, 2024, and demanded that her legal documents be returned immediately. *Id.* ¶ 3. The following day, Ms. Desire allegedly submitted an inmate request explaining what had happened and demanding that her legal document be returned unaltered; she allegedly received no response. *Id.* ¶ 4.

On February 8, 2024, Counselor Siena allegedly returned Ms. Desire's legal documents along with an incident report stating that the documents had been received, read, copied, and redacted. *Id.* ¶ 5. Ms. Desire alleges that, on February 21, 2024, she filed a Level 1 grievance which Warden Guadarrama allegedly denied on March 27, 2024. *Id.* ¶¶ 6-7. Ms. Desire alleges that she filed a Level 2 grievance appeal on April 3, 2024. *Id.* ¶ 8.

On May 3, 2024, District Administrator Rodriguez allegedly upheld the grievance appeal in part. *Id.* ¶ 9. He allegedly conceded that correctional staff did not correctly address the situation and should not have removed or redacted the document. *Id.*

---

[1] For purposes of initial review, the Court considers all of the following allegations to be true.

## II.     DISCUSSION

Interference with legal mail can implicate two rights, the prisoner's right of access to the courts and the right of free speech. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

"To state a claim for denial of access to the courts—in this case due to interference with legal mail—a plaintiff must allege that the defendant 'took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim'"; the plaintiff must demonstrate that the actions resulted in an actual injury, such as the dismissal of a meritorious case or claim. *Id.* (citation omitted). To state a claim for violation of a prisoner's First Amendment right to send and receive mail, "the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Id.* at 351. This prohibition applies where prison officials regular read, withhold, or discard prisoner mail. *Antrobus v. City of New York*, No. 11 Civ. 2524(RA), 2014 WL 1285648, at *4 (S.D.N.Y. Mar. 27, 2014).

As to the first type of claim, Ms. Desire has alleged no facts suggesting that she suffered any actual injury as a result of Counselor Siena opening her legal mail and confiscating her rap sheet. Indeed, any "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Id*. at 352 (citations and quotation marks omitted).

As to the second type of claim, Ms. Desire alleges only one instance of interference with her legal mail. The Second Circuit has held that one instance of alleged interference with legal mail is typically insufficient. *Davis*. 320 F.3d at 351 ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation.  Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" (first citing *Wolff v. McDonnell*, 418

3

U.S. 539, 574–76 (1974), and then quoting *Cancel v. Goord*, No. 00 CIV 2042 LMM, 2001 WL 303713, at *6 (S.D.N.Y. Mar. 29, 2001))). *See, e.g., Mitchell v. Martin*, No. 3:23-CV-902(JAM), 2024 WL 2052139, at *5 (D. Conn. May 7, 2024) (permitting claim for mail tampering to proceed to service where plaintiff alleged that tampering occurred on multiple occasions).

Accordingly, Ms. Desire's claim for mail tampering will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### III.  CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1).

If Ms. Desire can allege facts to correct the deficiency identified in this Order, she may file an Amended Complaint by **September 6, 2024**.

**An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.** The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process.

**SO ORDERED**.

Dated this 2nd day of August 2024 at New Haven, Connecticut.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge